UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donald Martin, Jr., Petitioner, v. Warden FCI Butner, Respondent. | ) ) ) ) ) ) ) ) ) ) | C/A No. 4:26-cv-01542-DCC ORDER |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 14, 2026, the Magistrate Judge issued a Report recommending that the petition be transferred to the United States District Court for the Eastern District of North Carolina. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner did not file objections but did file two letters. ECF Nos. 8, 11.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v.* Padilla, 542 U.S. 426, 434–35 (2004) (citation omitted). "When a petitioner files a § 2241 petition in a court lacking jurisdiction, 'the court shall, if it is in the interest of justice, transfer such action' to a court in which the petitioner could have properly filed the petition." *United States v. Mullinax*, 706 F. App'x 134 (4th Cir. 2017) (quoting 28 U.S.C. § 1631 (2012)). Typically, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Accordingly, transfer is proper in this case.[1]

---

[1] In the first letter, Petitioner requests an updated docket sheet. ECF No. 8. In the second letter, Petitioner states that he understands that this case should be transferred. ECF No. 11. The Court declines to construe these as objections but notes that, even if they were so construed and the Court's review were de novo, the result would be the same.

Therefore, the Court finds that the Magistrate Judge accurately summarized the relevant facts and applicable law and adopts the Report. It is ordered that the petition be **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina for further consideration.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

August 5, 2026
Spartanburg, South Carolina